**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOHNNIE BANKSTON, #R16224,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**NICOLE DUNLAP,**<br>**LACEE OLINGER,**<br>**BILLY MCGUIRE,**<br>**JOHN DOE,**<br>**JASON OBERLINK,**<br>**AFSCME 31,**<br>**PAIGE LONG,**<br>**STEVEN CAMPBELL, and**<br>**AMERICAN FEDERAL STATE**<br>**COUNTY MUNCIPALITY**<br>**EMPLOYEE 31**<br><br>**Defendants.** | ) | **Case No. 26-cv-00950-SMY** |

# MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff Johnnie Bankston, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims a disciplinary hearing was retaliatory and violated his due process rights. He seeks monetary damages and declaratory and injunctive relief. *Id.*

This case is now before the Court for preliminary review of the Amended Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**The Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint (Doc. 12): Plaintiff visited the law library on March 12, 2024, while incarcerated at Robinson Correctional Center. (Doc. 12 at 5). While there, Plaintiff overheard the librarian, Defendant Nicole Dunlap complain to Defendant Lacee Olinger, another prison employee, about the lack of security in the library. Plaintiff was familiar with Dunlap from his time at Lawrence Correctional Center where she had a reputation "of putting false charges on inmates such as sexual misconduct." (Doc. 12 at 6).

During another visit on March 20, 2024, Plaintiff overheard Dunlap making similar complaints about the lack of security relative to the number of prisoners in the law library. Plaintiff approached Dunlap for copies, legal aid, and access to a notary for his post-conviction litigation. (Doc. 12, pp. 5–6). Dunlap permitted Plaintiff to take copies but denied further assistance, stating she was "having security issues." (Doc. 12 at 6). Plaintiff responded that Dunlap "make[s] our schedules to come over to the library."

On March 21, 2024, Olinger called upon Plaintiff to explain why he had "come on to Defendant Dunlap" on March 20, 2024. Olinger claimed she had seen a video tape of Plaintiff whispering something into Dunlap's ear. Plaintiff demanded to see the tape. In response, Olinger ordered Plaintiff to return to the housing unit. (Doc. 12 at 6–7). Shortly thereafter, Plaintiff was handcuffed and taken to confinement. (Doc. 12 at 7).

On or around March 23, 2024, Plaintiff received a sexual misconduct disciplinary ticket for the alleged March 20, 2024 incident. He requested that Dunlap and Olinger appear as witnesses at his hearing and he be given access to the video tape. (Doc. 12 at 7 & 9). On March 28, 2024, Plaintiff attended his disciplinary hearing before a panel that included Olinger and Defendant Oberlink. (Doc. 12 at 7). Plaintiff informed Oberlink that Olinger "was a witness" to the incident,

requested a continuance, and asked for access to the video tape. Oberlink responded that Plaintiff would "have a fair hearing" and "get[] the results in the mail."

On or around April 3, 2024, Plaintiff was given a disciplinary transfer to Graham Correctional Center ("GCC"). Around April 8, 2024, Plaintiff received a copy of his disciplinary record which had not been previously provided to him and appealed the disciplinary ticket. (Doc. 12 at 7–8). On May 4, 2024, Defendant Paige Long, a member of the IDOC Administrative Review Board, informed Plaintiff the results of the disciplinary hearing had been sustained. (Doc. 12 at 8).

Defendants issued and sustained the disciplinary ticket "out of retaliation of [Plaintiff's] free speech" and either violated his right to due process or "fail[ed] to intervene" to prevent a violation during his hearing. (Doc. 12 at 8–9). IDOC and the Defendant American Federation of State, County and Municipal Employees ("AFSCME") have promoted a policy of "fabricated disciplinary report[s]" and "ignoring evidence." (Doc. 12 at 10–13). Plaintiff requests monetary, declaratory, and injunctive relief. (Doc. 12 at 14–15).

Based on the allegations in the Amended Complaint, the Court designates the following claims in this *pro se* action:

Count 1: First Amendment retaliation claim against Dunlop and Olinger for having written the disciplinary ticket in response to Plaintiff's request for legal assistance.

Count 2: Fourteenth Amendment claims against Oberlink for not providing an impartial disciplinary hearing and/or failing to intervene against the due process violation, and Long for failing to expunge the disciplinary ticket on appeal.

Count 3: *Monell* claim against AFSCME for promoting unofficial custom of issuing false disciplinary reports contrary to evidence.

Any other claim that is mentioned in the Amended Complaint but not addressed in this Order

should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Preliminary Dismissals**

The Amended Complaint raises claims against the IDOC, which is not listed in the case caption. (Doc. 12 at 10). The Court will not treat parties not listed in the caption as defendants; therefore, any claims against IDOC are dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

The case caption includes Billy McGuire, John Doe, and Steven Campbell as Defendants, but Plaintiff fails to mention them in his statement of claim and does not describe what they allegedly did to violate his constitutional rights. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Instead, a plaintiff is required to associate specific defendants with specific facts and claims so defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). To the extent Plaintiff seeks to bring claims against McGuire, Doe, and Campbell, those claims and defendants will be dismissed without prejudice.

**Discussion**

**Count 1**

Prison officials may not retaliate against inmates for exercising their First Amendment

rights to file grievances, lawsuits, or otherwise complain about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). A plaintiff must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," to put the defendants charged with retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Plaintiff alleges that Dunlop and Olinger brought the disciplinary ticket against him because he was trying to pursue post-conviction litigation and requested assistance from the law library. (Doc. 12 at 5–6). As Plaintiff alleges that Dunlop and Olinger's motivation in filing the ticket was to prevent him from continuing in his lawsuit, he has stated a colorable retaliation claim. Count 1 may proceed against Dunlop and Olinger.

**Count 2**

Plaintiff fails to state any claims under the Fourteenth Amendment. To state a due process claim related to disciplinary proceedings, an inmate must allege: (1) the deprivation of a liberty interest; and (2) the procedures he was afforded were constitutionally deficient. *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019). Here, Plaintiff alleges the disciplinary hearing against him violated due process because he was deprived of an opportunity to review video evidence, call his preferred witness, and because Oberlink allowed Olinger—a purported witness—to remain part of the panel. (Doc. 12 at 7).

Although Plaintiff's allegations may raise a question about the impartiality of the panel, which is a due process requirement, the only punishment Plaintiff alleges resulted from the hearing

is his disciplinary transfer to GCC. A disciplinary transfer does not implicate Fourteenth Amendment due process rights, as "[i]t is well-settled that an inmate does not possess a constitutional liberty interest in remaining at a particular institution." *Castaneda v. Henman*, 914 F.2d 981, 983 (7th Cir. 1990). Because Plaintiff was not deprived of a liberty interest, he fails to state a due process claim. Similarly, Plaintiff's failure-to-intervene claim fails because there was no underlying constitutional violation in the disciplinary hearing that Oberlink neglected to stop. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation . . . .").

As for Long, Plaintiff alleges only that she failed to overturn the disciplinary hearing's results, in spite of the hearing panel having violated his Fourteenth Amendment rights. Because Plaintiff has not sufficiently pleaded that the underlying disciplinary hearing violated his due process rights, it follows that he has failed to plead that Long violated his rights by failing to overturn the disciplinary hearing. Regardless, the Constitution does not require an appeal procedure for prison disciplinary actions, *Westefer v. Neal*, 682 F.3d 679, 684–85 (7th Cir. 2012), and so Long cannot be said to have deprived Plaintiff of any liberty interest by not handling the appeal in the manner he preferred.

Accordingly, Plaintiff's due process and failure-to-intervene claims are dismissed without prejudice.

**Count 3**

Plaintiff invokes *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) for his claim that AFSCME practiced a policy of issuing false disciplinary reports against inmates without regard to evidence. (Doc. 12 at 10–13). *Monell* applies only to local government officials or units. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70 (1989). AFSCME is neither; it is a union, which

typically is not liable under Section 1983. *See Messman v. Helmke*, 133 F.3d 1042, 1044 (7th Cir. 1998) ("In general, a union is not a state actor."); *Coleman v. Lindenberg*, No. 17-CV-767 (NJR), 2017 WL 4154933, at *6 (S.D. Ill. Sept. 19, 2017) ("Unlike the individual correctional officers who may be members of the union, AFSCME itself is not a 'state actor' that can be sued in a civil rights action.").

To bring a *Monell* claim or any Section 1983 claim against AFSCME, Plaintiff must plead facts suggesting that in spite of being a private entity, AFSCME acted "under color of state law." *Leahy v. Board of Trustees of Community College Dist. No. 508,* 912 F.2d 917, 921 (7th Cir. 1990). Plaintiff fails to do so here. His statement of the case fails to mention *any* specific conduct by AFSCME and states only in conclusory fashion that AFSCME was responsible for policies against inmates. Accordingly, Plaintiff's *Monell* claim is dismissed without prejudice.

**Injunctive Relief**

Because the Amended Complaint includes a request for injunctive relief, the Warden of Pontiac Correctional Center, in his/her official capacity, will be added to the docket regarding the request for injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

**Disposition**

The Amended Complaint states colorable claims in Count 1 against Nicole Dunlop and Lacee Olinger. Counts 2 and 3 and Billy McGuire, John Doe, Steven Campbell, IDOC, Jason Oberlink, AFSCME 31, and American Federal State County Municipality Employee 31 are **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to **ADD** the Warden of Pontiac Correctional Center, in his or her official capacity, to the docket for purposes of Plaintiff's

claim for injunctive relief.

The Clerk shall prepare for Nicole Dunlop and Lacee Olinger, and the Warden of Pontiac Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: November 24, 2026**



**STACI M. YANDLE**
**Chief U.S. District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.